LODGED

Mark S. Moosbrugger
40957 Cypress Point Dr.
Cherry Valley, CA 92223
951-769-1045

NO EMAIL NO FAX

In Pro Se

2012 FEB 27  PM 3: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

FILED

2012 MAR -8  AM 9: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

Mark S. Moosbrugger,

            Plaintiff,

vs.

DISCOVER BANK and DOES 1 through 10
Inclusive

            Defendants.

CV 12 - 01651 JAK (DTBx)

CASE NO.:

**VIOLATING TITLE 15 U.S.C. §1681(I)**

**ACTIONABLE UNDER TITLE 15 U.S.C. §1681S-2(B)**

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMPLAINANT, Mark S. Moosbrugger, for its complaint against the above-named defendants, states as follows:

### I. Introduction

1.    This proceeding is brought by Mark S. Moosbrugger, an individual, to enjoin DISCOVER BANK, a Corporation and Does 1 through 100 inclusive, from violating Title 15 U.S.C. §1681(i)

IFP
5/2

which is actionable under Title 15 U.S.C. §1681s-2(b) by failing to investigate the Plaintiff's disputed credit card accounts, and as a result Defendant has injured the Plaintiff.

## II. JURISDICTION AND PARTIES

2.      At all times herein mentioned, Complainant, Mark S. Moosbrugger, (hereafter referred to as "MOOSBRUGGER") is a resident of the County of Riverside, in the State of California.

3.      MOOSBRUGGER is informed and believes and on that basis alleges, that Defendant, DISCOVER BANK (hereafter referred to as "DISCOVER,") located at 502 East Market Street, Greenville, Delaware, 19950, is within the territorial confines of the United States, was at all times herein mentioned, a business authorized to do business in the State of California.

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1343.

5.      Venue is proper in the Central District of California, Eastern Division under 28 U.S.C. §1391(b), and Title 15 USC §1681(i), actionable under Title 15 USC §1681 (s) (2b), as MOOSBRUGGER has suffered damage as a result of violations by DISCOVER.

### B. FACTUAL BACKGROUND

6.      Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 5 above, as though fully set forth herein.

7.      On or about February 17, 2009, MOOSBRUGGER notified DISCOVER with two letters (hereafter referred to as "LETTER") of dispute regarding alleged credit card accounts ending in 2627, 4832, and 5333 respectfully, of which DISCOVER never responded to this LETTER.

8.      In that LETTER, MOOSBRUGGER contends that DISCOVER placed inaccurate information on the Plaintiff's credit file reported to the Credit Reporting Agencies (hereafter referred to as "CRA's").

9.    MOOSBRUGGER contends that DISCOVER is a credit reporting agency due to the definition per Title 15 USC §1681(p).

**Title 15 USC §1681(p).**

Consumer Reporting Agency That Compiles and Maintains Files on Consumers on a Nationwide Basis.— The term "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" means a consumer reporting agency that regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide: (1) Public record information. (2) Credit account information from persons who furnish that information regularly.

10.    In that LETTER, MOOSBRUGGER contends that DISCOVER [MOOSBRUGGER contends that DISCOVER is a credit reporting agency] was directly notified of the inaccurate information on the Plaintiff's internal credit file which was reported to the CRA's (Equifax, Experian, and Transunion).

11.    MOOSBRUGGER contends that the LETTER sent to DISCOVER was not frivolous or irrelevant, in fact the dispute had merit, due to the fact that MOOSBRUGGER never received, used, or made payments of the alleged credit card account.

12.    In that LETTER, MOOSBRUGGER contends that DISCOVER [MOOSBRUGGER contends that DISCOVER is a credit reporting agency] failed to respond to Plaintiff's written disputes.

13.    MOOSBRUGGER contends that DISCOVER [MOOSBRUGGER contends that DISCOVER is a credit reporting agency] failed to reinvestigate which caused Plaintiff to suffer damages.

14.     MOOSBRUGGER contends that DISCOVER [MOOSBRUGGER contends that DISCOVER is a credit reporting agency] failed in removing the inaccurate information that was in dispute internally or with the CRA's (Equifax, Experian, and Transunion).

15.     MOOSBRUGGER contends that Plaintiff has been damaged caused by humiliation, mental distress, injury to reputation, and creditworthiness, resulted by the actions of DISCOVER.

16.     MOOSBRUGGER contends that DISCOVER [MOOSBRUGGER contends that DISCOVER is a credit reporting agency] failed to investigate the dispute in violation of Title 15 U.S.C. §1681i which is actionable under Title 15 U.S.C. §1681s-2(b). See Exhibit 1 and 2.

17.     MOOSBRUGGER properly identified the violation of Title 15 U.S.C. section 1681i and also properly identified his private right of action under Title 15 USC 1681s-2(b). See Gens v. Wachovia Mortg. Corp., No. 10–CV–01073–LHK, 2011 WL 1791601, at *7 (N.D. Cal. May 10, 2011) (citing Nelson, 282 F.3d at 1059) ("A consumer then has a private right of action in connection with the performance of these four duties.").

18.     MOOSBRUGGER contends that DISCOVER sold or assigned one of the alleged credit card accounts ending in 2627 to the Moore Law Group (hereafter referred to as "MOORE").

19.     MOOSBRUGGER contends that MOORE wrongfully filed a lawsuit, as the Attorney of Record for DISCOVER against MOOSBRUGGER in the State of California, Superior Court of Riverside County, on or about April 8, 2009, case number RIC 523342 to collect monies from MOOSBRUGGER for the alleged credit card account debt ending in 2627.

20.     MOOSBRUGGER received from DISCOVER, responding to Defendant MOOSBRUGGER's Demand for Production of Documents, the first statement of account ending in 2627 from January 14 to February 21. See Exhibit 3.

21.     That statement reflected February 14 the alleged loan of 25,000 was paid off with 25,266.19.

22.     That statement reflected February 14 a deposit of 45,465,974,733.81.

23.     That statement reflected seven days later the "payoff reversal" of 25,266.19.

24.     That statement reflected seven days later the "unappl funds DR" withdraw of 45,465,974,733.81.

25.     MOOSBRUGGER contends that DISCOVER has jeopardized the safety of MOOSBRUGGER from potential criminal accusations regarding the 45,465,974,733.81.

26.     MOOSBRUGGER was able to obtain the CUSIP information regarding the account ending in 2627. See Exhibit 4.

27.     MOOSBRUGGER contends that DISCOVER sold the account to Fidelity Investment Grade Bond at the expense of MOOSBRUGGER.

28.     MOOSBRUGGER contends that on or about the morning of June 16, 2010 DISCOVER's lead counsel was informed of the 45,465,974,733.81 and the CUSIP information.

29.     On or about June 17, 2010 the Notice of Dismissal was signed by Angela Dawson of MOORE for case number RIC 523342 without prejudice.

30.     The June 19, 2010 the trial was vacated for case number RIC 523342.

31.     MOOSBRUGGER contends that DISCOVER may file another lawsuit for the alleged credit card account debt ending in 2627.

32.     MOOSBRUGGER contends that DISCOVER sold or assigned the alleged credit card account ending in 4832 to Zwicker & Associates. (hereafter referred to as "Z&A").

33.     MOOSBRUGGER contends that on or about December 23, 2010, Z&A wrongfully attempted to collect monies from MOOSBRUGGER for the alleged credit card account debt ending in 4832.

34.     MOOSBRUGGER contends that DISCOVER sold or assigned the alleged credit card account ending in 4832 to Patenaude & Felix. (hereafter referred to as "P&F").

35.     MOOSBRUGGER contends that P&F wrongfully filed a lawsuit, as the Attorney of Record for DISCOVER against MOOSBRUGGER in the State of California, Superior Court of Riverside County, Banning Branch on or about March 9, 2011, case number BAC 1100347 to collect monies from MOOSBRUGGER for the alleged credit card account debt ending in 4832.

36.     On or about the afternoon of February 1, 2012 the trial of case number BAC 1100347 was called to order.

37.     The plaintiff's specially attorney told MOOSBRUGGER that the Plaintiff failed to have any documents or any witnesses and Plaintiff dismissed case number BAC 1100347 without prejudice.

38.     MOOSBRUGGER contends that DISCOVER may file another lawsuit for the alleged credit card account debt ending in 4832.

39.     MOOSBRUGGER contends that DISCOVER sold or assigned the alleged credit card account ending in 5333 to Bleier & Cox. (hereafter referred to as "B&C").

40.     MOOSBRUGGER contends that on or about January 24, 2011, B&C wrongfully attempted to collect monies from MOOSBRUGGER for the alleged credit card account debt ending in 5333.

41.     MOOSBRUGGER contends that DISCOVER may file a lawsuit for the alleged credit card account debt ending in 5333.

42.     On or about January 14, 2010, MOOSBRUGGER sent a specific letter to DISCOVER requesting an investigation of the three alleged credit card account numbers ending in 2627, 4832, and 5333 respectfully that were being reported erroneously on MOOSBRUGGER's credit report.

43.     On or about January 19, 2010, MOOSBRUGGER sent a letter to the credit reporting agency Equifax requesting an investigation of the three alleged credit card account number ending in 2627.

44.     MOOSBRUGGER has been damaged by the actions of DISCOVER.

45.     MOOSBRUGGER has errors on his credit report, that were wrongfully reported by DISCOVER and DISCOVER's affiliates. See Exhibit 5, 6, and 7.

6
COMPLAINT

46.    MOOSBRUGGER has expended a lot money in his defense.

47.    MOOSBRUGGER contends that DISCOVER failed to properly investigate the alleged credit card accounts.

48.    MOOSBRUGGER contends that DISCOVER is a credit reporting agency which would have discovered the error, if DISCOVER had properly investigated the account.

49.    MOOSBRUGGER contends that DISCOVER failed to remove the alleged credit card accounts from MOOSBRUGGER's credit report.

50.    MOOSBRUGGER contends that DISCOVER would not have sold or assigned the alleged credit card accounts to B&C, MOORE, P&F, Z&A, if DISCOVER had properly investigated the account.

51.    MOOSBRUGGER contends that MOORE would not have filed suit against MOOSBRUGGER, if DISCOVER had properly investigated the account.

52.    MOOSBRUGGER contends that P&F would not have filed suit against MOOSBRUGGER, if DISCOVER had properly investigated the account.

53.    MOOSBRUGGER contends that B&C would not have attempted to collect monies from MOOSBRUGGER, if DISCOVER had properly investigated the account.

54.    MOOSBRUGGER contends that Z&A would not have attempted to collect monies from MOOSBRUGGER, if DISCOVER had properly investigated the account.

55.    MOOSBRUGGER contends that MOOSBRUGGER would not have to live in fear of being arrested for the 45,465,974,733.81, if DISCOVER had properly investigated the account.

## **FIRST CAUSE OF ACTION**

### **Violation of the Title – 15 U.S.C. §1681i enforced under §1681s-2(b)**

### **(Against all Defendants)**

56.     Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 55 above, as though fully set forth herein.

57.     Plaintiff notified DISCOVER [Plaintiff maintains that DISCOVER falls within the definition of "consumer reporting agency"] that MOOSBRUGGER disputed the alleged accounts.

58.     DISCOVER failed to conduct a "reasonable investigation."

59.     DISCOVER did not notify the Plaintiff of the results of any investigation.

60.     Furthermore, DISCOVER failed to notify the CRA's of the dispute in a timely fashion and as a result Plaintiff's credit was and is damaged.

61.     The Plaintiff has suffered, and continues to suffer, from the undue stress.

62.     DISCOVER's failure to conduct a "reasonable investigation," did not notify MOOSBRUGGER of the results of any investigation within the statutory time frame, and subsequently reported disparaging entries with CRA's violated Title 15 U.S.C. section 1681(i) which is actionable under Title 15 U.S.C. section 1681s-2(b).

63.     To state a claim under 15 U.S.C. § 1681i, which may be enforced pursuant to 15 U.S.C. § 1681s–2(b), a plaintiff must allege the following elements: "(1) plaintiff's credit file contains inaccurate or incomplete information; (2) plaintiff notified the credit reporting agency directly of the inaccurate or incomplete information; (3) plaintiff's dispute is not frivolous or irrelevant; (4) the credit reporting agency failed to respond to plaintiff's dispute; (5) the failure to reinvestigate caused plaintiff to suffer damages; [and] (6) actual damages, such as damages caused by humiliation, mental distress, or injury to reputation or creditworthiness, resulted to plaintiff." Carvalho v. Equifax Info. Servs., LLC, 588 F. Supp. 2d 1089 (N.D. Cal. 2008) (providing the elements for a prima facie case

under §1681i on a motion for summary judgment), the Plaintiff has done so in his pleading.

**PRAYER**

**WHEREFORE,** Plaintiff requests judgment against Defendant, jointly and severally:

1. That judgment be entered in Plaintiff's favor and against Defendant, and each of them;

2. That a judgment be entered on behalf of Plaintiff against Defendant for damages both compensatory and statutory, and for fees and costs according to proof at trial;

3. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;

4. For an order requiring that Defendant's derogatory items be removed from Plaintiff's credit report;

5. For an order requiring that Defendant notify to governmental agencies of the error of 45,465,974,733.81, of MOOSBRUGGER's account ending 2627.

6. For an order requiring that Defendant to notify governmental agencies that MOOSBRUGGER is innocent of any actions relating to the 45,465,974,733.81, accounting error.

7. For any and all other further relief this Court may deem just and proper.


Executed on February 27, 2012 at Cherry Valley, California.


Mark S. Moosbrugger

## **VERIFICATION**

I, Mark Moosbrugger, am the Complainant in the above entitled action. I have read the foregoing Complaint. The facts stated therein are within my knowledge and are true and correct, except those matters stated on information and belief, and, as to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 27, 2012 at Cherry Valley, California.


Mark Moosbrugger, In Pro Se

**DEMAND FOR JURY TRIAL**

Complainant moves this court pursuant to Fed.R.Civ.P. Rule 38 "Jury Trial of Right" and thereby demand a Jury Trial. The undersigned certifies that a copy hereof has been furnished to the parties listed in the Certificate of Service.

Executed on February 27, 2012 at Cherry Valley, California.

By: _____

Mark S. Moosbrugger, In Pro Se

# LIST of EXHIBITS

## 1. Title 15 U.S.C. §1681i

## 2. Title 15 USC §1681s-2(b)

## 3. Discover Statement

## 4. CUSIP Statement

## 5. Credit Score

## 6. Credit Report

## 7. Credit Report Inquiry

# EXHIBIT 1

**Title 15 U.S.C. §1681i**

(a) Reinvestigations of disputed information

(1) Reinvestigation required

(A) In general

Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(B) Extension of period to reinvestigate

Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate

Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information

(A) In general

Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(B) Provision of other information

The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(3) Determination that dispute is frivolous or irrelevant

(A) In general

Notwithstanding paragraph (1), a consumer reporting agency may terminate a reinvestigation of information disputed by a consumer under that paragraph if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.

(B) Notice of determination

Upon making any determination in accordance with subparagraph (A) that a dispute is frivolous or irrelevant, a consumer reporting agency shall notify the consumer of such determination not later than 5 business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the agency.

(C) Contents of notice

A notice under subparagraph (B) shall include—

(i) the reasons for the determination under subparagraph (A); and

(ii) identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information.

(4) Consideration of consumer information

In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information

(A) In general

If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

(B) Requirements relating to reinsertion of previously deleted material

(i) Certification of accuracy of information If any information is deleted from a consumer's file pursuant to subparagraph (A), the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.

(ii) Notice to consumer If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business

15
**COMPLAINT**

days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency.

(iii) Additional information As part of, or in addition to, the notice under clause (ii), a consumer reporting agency shall provide to a consumer in writing not later than 5 business days after the date of the reinsertion—

(I) a statement that the disputed information has been reinserted;

(II) the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information; and

(III) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information.

(C) Procedures to prevent reappearance

A consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph (other than information that is reinserted in accordance with subparagraph (B)(i)).

(D) Automated reinvestigation system

Any consumer reporting agency that compiles and maintains files on consumers on a nationwide basis shall implement an automated system through which furnishers of information to that consumer reporting agency may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file to other such consumer reporting agencies.

(6) Notice of results of reinvestigation

(A) In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the

completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents

As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

(i) a statement that the reinvestigation is completed;

(ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;

(iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;

(iv) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and

(v) a notice that the consumer has the right to request under subsection (d) of this section that the consumer reporting agency furnish notifications under that subsection.

(7) Description of reinvestigation procedure

A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

(8) Expedited dispute resolution

If a dispute regarding an item of information in a consumer's file at a consumer reporting agency is resolved in accordance with paragraph (5)(A) by the deletion of the disputed information by not later than 3 business days after the date on which the

agency receives notice of the dispute from the consumer in accordance with paragraph (1)(A), then the agency shall not be required to comply with paragraphs (2), (6), and (7) with respect to that dispute if the agency—

(A) provides prompt notice of the deletion to the consumer by telephone;

(B) includes in that notice, or in a written notice that accompanies a confirmation and consumer report provided in accordance with subparagraph (C), a statement of the consumer's right to request under subsection (d) of this section that the agency furnish notifications under that subsection; and

(C) provides written confirmation of the deletion and a copy of a consumer report on the consumer that is based on the consumer's file after the deletion, not later than 5 business days after making the deletion.

(b) Statement of dispute

If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute.

(c) Notification of consumer dispute in subsequent consumer reports

Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

(d) Notification of deletion of disputed information

Following any deletion of information which is found to be inaccurate or whose accuracy can no longer be verified or any notation as to disputed information, the consumer reporting agency shall, at the request of the consumer, furnish notification that the item has been deleted or the statement, codification or summary pursuant to

subsection (b) or (c) of this section to any person specifically designated by the consumer who has within two years prior thereto received a consumer report for employment purposes, or within six months prior thereto received a consumer report for any other purpose, which contained the deleted or disputed information.

(e) Treatment of complaints and report to Congress

(1) In general

The Commission shall—

(A) compile all complaints that it receives that a file of a consumer that is maintained by a consumer reporting agency described in section 1681a (p) of this title contains incomplete or inaccurate information, with respect to which, the consumer appears to have disputed the completeness or accuracy with the consumer reporting agency or otherwise utilized the procedures provided by subsection (a) of this section; and

(B) transmit each such complaint to each consumer reporting agency involved.

(2) Exclusion

Complaints received or obtained by the Commission pursuant to its investigative authority under the Federal Trade Commission Act [15 U.S.C. 41 et seq.] shall not be subject to paragraph (1).

(3) Agency responsibilities

Each consumer reporting agency described in section 1681a (p) of this title that receives a complaint transmitted by the Commission pursuant to paragraph (1) shall—

(A) review each such complaint to determine whether all legal obligations imposed on the consumer reporting agency under this subchapter (including any obligation imposed by an applicable court or administrative order) have been met with respect to the subject matter of the complaint;

1   (B) provide reports on a regular basis to the Commission regarding the determinations

2   of and actions taken by the consumer reporting agency, if any, in connection with its

3   review of such complaints; and

4   (C) maintain, for a reasonable time period, records regarding the disposition of each

5   such complaint that is sufficient to demonstrate compliance with this subsection.

6   (4) Rulemaking authority

7   The Commission may prescribe regulations, as appropriate to implement this

8   subsection.

9   (5) Annual report

10   The Commission shall submit to the Committee on Banking, Housing, and Urban

11   Affairs of the Senate and the Committee on Financial Services of the House of

12   Representatives an annual report regarding information gathered by the Commission

13   under this subsection.

14   (f) Reinvestigation requirement applicable to resellers

15   (1) Exemption from general reinvestigation requirement

16   Except as provided in paragraph (2), a reseller shall be exempt from the requirements

17   of this section.

18   (2) Action required upon receiving notice of a dispute

19   If a reseller receives a notice from a consumer of a dispute concerning the

20   completeness or accuracy of any item of information contained in a consumer report

21   on such consumer produced by the reseller, the reseller shall, within 5 business days

22   of receiving the notice, and free of charge—

23   (A) determine whether the item of information is incomplete or inaccurate as a result

24   of an act or omission of the reseller; and

25   (B) if—

26

27

28

(i) the reseller determines that the item of information is incomplete or inaccurate as a result of an act or omission of the reseller, not later than 20 days after receiving the notice, correct the information in the consumer report or delete it; or

(ii) if the reseller determines that the item of information is not incomplete or inaccurate as a result of an act or omission of the reseller, convey the notice of the dispute, together with all relevant information provided by the consumer, to each consumer reporting agency that provided the reseller with the information that is the subject of the dispute, using an address or a notification mechanism specified by the consumer reporting agency for such notices.

(3) Responsibility of consumer reporting agency to notify consumer through reseller

Upon the completion of a reinvestigation under this section of a dispute concerning the completeness or accuracy of any information in the file of a consumer by a consumer reporting agency that received notice of the dispute from a reseller under paragraph (2)—

(A) the notice by the consumer reporting agency under paragraph (6), (7), or (8) of subsection (a) of this section shall be provided to the reseller in lieu of the consumer; and

(B) the reseller shall immediately reconvey such notice to the consumer, including any notice of a deletion by telephone in the manner required under paragraph (8)(A).

(4) Reseller reinvestigations

No provision of this subsection shall be construed as prohibiting a reseller from conducting a reinvestigation of a consumer dispute directly.

# EXHIBIT 2

**Title 15 USC §1681s-2(b).**

(a) Duty of furnishers of information to provide accurate information

(1) Prohibition

(A) Reporting information with actual knowledge of errors

A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors

A person shall not furnish information relating to a consumer to any consumer reporting agency if—

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(C) No address requirement

A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph (B) shall require a person to specify such an address.

(D) Definition

For purposes of subparagraph (A), the term "reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

(2) Duty to correct and update information

A person who—

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

**(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.**

(3) Duty to provide notice of dispute

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(4) Duty to provide notice of closed accounts

A person who regularly and in the ordinary course of business furnishes information to a consumer reporting agency regarding a consumer who has a credit account with that person shall notify the agency of the voluntary closure of the account by the consumer, in information regularly furnished for the period in which the account is closed.

(5) Duty to provide notice of delinquency of accounts

(A) In general

A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action.

(B) Rule of construction

For purposes of this paragraph only, and provided that the consumer does not dispute the information, a person that furnishes information on a delinquent account that is placed for collection, charged for profit or loss, or subjected to any similar action, complies with this paragraph, if—

(i) the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency;

(ii) the creditor did not previously report the date of delinquency to a consumer reporting agency, and the person establishes and follows reasonable procedures to obtain the date of delinquency from the creditor or another reliable source and reports that date to a consumer reporting agency as the date of delinquency; or

(iii) the creditor did not previously report the date of delinquency to a consumer reporting agency and the date of delinquency cannot be reasonably obtained as provided in clause (ii), the person establishes and follows reasonable procedures to ensure the date reported as the date of delinquency precedes the date on which the account is placed for collection, charged to profit or loss, or subjected to any similar action, and reports such date to the credit reporting agency.

(6) Duties of furnishers upon notice of identity theft-related information

(A) Reasonable procedures

A person that furnishes information to any consumer reporting agency shall have in place reasonable procedures to respond to any notification that it receives from a consumer reporting agency under section 1681c–2 of this title relating to information resulting from identity theft, to prevent that person from refurnishing such blocked information.

(B) Information alleged to result from identity theft

If a consumer submits an identity theft report to a person who furnishes information to a consumer reporting agency at the address specified by that person for receiving such reports stating that information maintained by such person that purports to relate to the consumer resulted from identity theft, the person may not furnish such information that purports to relate to the consumer to any consumer reporting agency, unless the person subsequently knows or is informed by the consumer that the information is correct.

(7) Negative information

(A) Notice to consumer required

(i) In general If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 1681a (p) of this title furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.

(ii) Notice effective for subsequent submissions After providing such notice, the financial institution may submit additional negative information to a consumer reporting agency described in section 1681a (p) of this title with respect to the same transaction, extension of credit, account, or customer without providing additional notice to the customer.

(B) Time of notice

(i) In general The notice required under subparagraph (A) shall be provided to the customer prior to, or no later than 30 days after, furnishing the negative information to a consumer reporting agency described in section 1681a (p) of this title.

(ii) Coordination with new account disclosures If the notice is provided to the customer prior to furnishing the negative information to a consumer reporting agency, the notice may not be included in the initial disclosures provided under section 1637 (a) of this title.

1    (C) Coordination with other disclosures

2    The notice required under subparagraph (A)—

3    (i) may be included on or with any notice of default, any billing statement, or any

4    other materials provided to the customer; and

5    (ii) must be clear and conspicuous.

6    (D) Model disclosure

7    (i) Duty of Board to prepare The Board shall prescribe a brief model disclosure a

8    financial institution may use to comply with subparagraph (A), which shall not

9    exceed 30 words.

10   (ii) Use of model not required No provision of this paragraph shall be construed as

11   requiring a financial institution to use any such model form prescribed by the Board.

12   (iii) Compliance using model A financial institution shall be deemed to be in

13   compliance with subparagraph (A) if the financial institution uses any such model

14   form prescribed by the Board, or the financial institution uses any such model form

15   and rearranges its format.

16   (E) Use of notice without submitting negative information

17   No provision of this paragraph shall be construed as requiring a financial institution

18   that has provided a customer with a notice described in subparagraph (A) to furnish

19   negative information about the customer to a consumer reporting agency.

20   (F) Safe harbor

21   A financial institution shall not be liable for failure to perform the duties required by

22   this paragraph if, at the time of the failure, the financial institution maintained

23   reasonable policies and procedures to comply with this paragraph or the financial

24   institution reasonably believed that the institution is prohibited, by law, from

25   contacting the consumer.

26   (G) Definitions

27   For purposes of this paragraph, the following definitions shall apply:

28

(i) Negative information The term "negative information" means information concerning a customer's delinquencies, late payments, insolvency, or any form of default.

(ii) Customer; financial institution The terms "customer" and "financial institution" have the same meanings as in section 6809 of this title.

(8) Ability of consumer to dispute information directly with furnisher

(A) In general

The Federal banking agencies, the National Credit Union Administration, and the Commission shall jointly prescribe regulations that shall identify the circumstances under which a furnisher shall be required to reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on a direct request of a consumer.

(B) Considerations

In prescribing regulations under subparagraph (A), the agencies shall weigh—

(i) the benefits to consumers with the costs on furnishers and the credit reporting system;

(ii) the impact on the overall accuracy and integrity of consumer reports of any such requirements;

(iii) whether direct contact by the consumer with the furnisher would likely result in the most expeditious resolution of any such dispute; and

(iv) the potential impact on the credit reporting process if credit repair organizations, as defined in section 1679a (3) of this title, including entities that would be a credit repair organization, but for section 1679a (3)(B)(i) of this title, are able to circumvent the prohibition in subparagraph (G).

(C) Applicability

Subparagraphs (D) through (G) shall apply in any circumstance identified under the regulations promulgated under subparagraph (A).

(D) Submitting a notice of dispute

A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that—

(i) identifies the specific information that is being disputed;

(ii) explains the basis for the dispute; and

(iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.

(E) Duty of person after receiving notice of dispute

After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—

(i) conduct an investigation with respect to the disputed information;

(ii) review all relevant information provided by the consumer with the notice;

(iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i (a)(1) of this title within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and

(iv) if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

(F) Frivolous or irrelevant dispute

(i) In general This paragraph shall not apply if the person receiving a notice of a dispute from a consumer reasonably determines that the dispute is frivolous or irrelevant, including—

(I) by reason of the failure of a consumer to provide sufficient information to investigate the disputed information; or

(II) the submission by a consumer of a dispute that is substantially the same as a dispute previously submitted by or for the consumer, either directly to the person or through a consumer reporting agency under subsection (b) of this section, with respect to which the person has already performed the person's duties under this paragraph or subsection (b) of this section, as applicable.

(ii) Notice of determination Upon making any determination under clause (i) that a dispute is frivolous or irrelevant, the person shall notify the consumer of such determination not later than 5 business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the person.

(iii) Contents of notice A notice under clause (ii) shall include—

(I) the reasons for the determination under clause (i); and

(II) identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information.

(G) Exclusion of credit repair organizations

This paragraph shall not apply if the notice of the dispute is submitted by, is prepared on behalf of the consumer by, or is submitted on a form supplied to the consumer by, a credit repair organization, as defined in section 1679a (3) of this title, or an entity that would be a credit repair organization, but for section 1679a (3)(B)(i) of this title.

(9) Duty to provide notice of status as medical information furnisher

1    A person whose primary business is providing medical services, products, or devices,

2    or the person's agent or assignee, who furnishes information to a consumer reporting

3    agency on a consumer shall be considered a medical information furnisher for

4    purposes of this subchapter, and shall notify the agency of such status.

5    (b) Duties of furnishers of information upon notice of dispute

6    (1) In general

7    After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with

8    regard to the completeness or accuracy of any information provided by a person to a

9    consumer reporting agency, the person shall—

10   (A) conduct an investigation with respect to the disputed information;

11   (B) review all relevant information provided by the consumer reporting agency

12   pursuant to section 1681i (a)(2) of this title;

13   (C) report the results of the investigation to the consumer reporting agency;

14   (D) if the investigation finds that the information is incomplete or inaccurate, report

15   those results to all other consumer reporting agencies to which the person furnished

16   the information and that compile and maintain files on consumers on a nationwide

17   basis; and

18   (E) if an item of information disputed by a consumer is found to be inaccurate or

19   incomplete or cannot be verified after any reinvestigation under paragraph (1), for

20   purposes of reporting to a consumer reporting agency only, as appropriate, based on

21   the results of the reinvestigation promptly—

22   (i) modify that item of information;

23   (ii) delete that item of information; or

24   (iii) permanently block the reporting of that item of information.

25   (2) Deadline

26   A person shall complete all investigations, reviews, and reports required under

27   paragraph (1) regarding information provided by the person to a consumer reporting

28

agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

(c) Limitation on liability

Except as provided in section 1681s (c)(1)(B) of this title, sections 1681n and 1681o of this title do not apply to any violation of—

(1) subsection (a) of this section, including any regulations issued thereunder;

(2) subsection (e) of this section, except that nothing in this paragraph shall limit, expand, or otherwise affect liability under section 1681n or 1681o of this title, as applicable, for violations of subsection (b) of this section; or

(3) subsection (e) of section 1681m of this title.

(d) Limitation on enforcement

The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section (other than with respect to the exception described in paragraph (2) of subsection (c) of this section) shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title.

(e) Accuracy guidelines and regulations required

(1) Guidelines

The Federal banking agencies, the National Credit Union Administration, and the Commission shall, with respect to the entities that are subject to their respective enforcement authority under section 1681s of this title, and in coordination as described in paragraph (2)—

(A) establish and maintain guidelines for use by each person that furnishes information to a consumer reporting agency regarding the accuracy and integrity of the information relating to consumers that such entities furnish to consumer reporting agencies, and update such guidelines as often as necessary; and

(B) prescribe regulations requiring each person that furnishes information to a consumer reporting agency to establish reasonable policies and procedures for implementing the guidelines established pursuant to subparagraph (A).

(2) Coordination

Each agency required to prescribe regulations under paragraph (1) shall consult and coordinate with each other such agency so that, to the extent possible, the regulations prescribed by each such entity are consistent and comparable with the regulations prescribed by each other such agency.

(3) Criteria

In developing the guidelines required by paragraph (1)(A), the agencies described in paragraph (1) shall—

(A) identify patterns, practices, and specific forms of activity that can compromise the accuracy and integrity of information furnished to consumer reporting agencies;

(B) review the methods (including technological means) used to furnish information relating to consumers to consumer reporting agencies;

(C) determine whether persons that furnish information to consumer reporting agencies maintain and enforce policies to assure the accuracy and integrity of information furnished to consumer reporting agencies; and

(D) examine the policies and processes that persons that furnish information to consumer reporting agencies employ to conduct reinvestigations and correct inaccurate information relating to consumers that has been furnished to consumer reporting agencies. [EMPHASIS ADDED]

# EXHIBIT 3

**DISCOVER**
FINANCIAL SERVICES

Monthly Statement
Personal Loan

| Account Number | | Statement Date | |
|---|---|---|---|
| 402810072627 | | 2/21/08 | |

| Post Date | Effective Date | Transaction Description | Amount |
|---|---|---|---|
| 01 14 | 01 14 | 1ST DISBURSE | 25,000.00 |
| 02 14 | 02 14 | PAYOFF | 25,266.19 |
| 02 14 | 02 14 | UNAPPL FUNDS CR | 45,465,974,733.81 |
| 02 21 | 02 14 | PAYOFF REVERSAL | 25,266.19 |
| 02 21 | 02 14 | UNAPPL FUNDS DR | 45,465,974,733.81 |

### PAYMENT SUMMARY

| Other Charges Paid | Finance Charges Paid | Principal Paid | Ending Principal Balance | Regular Scheduled Payment |
|---|---|---|---|---|
| 45,465,974,733.81 | .00 | .00 | 25,000.00 | 454.66 |

| Amount Past Due | Other Charges Due | Current Amount Due | Total Amount Due | Payment Due Date |
|---|---|---|---|---|
| 454.66 | .00 | 454.66 | 909.32 | 3/14/08 |

### IMPORTANT MESSAGES

For Customer Service Call → 1-877-256-2632
For TDD (Telecommunication Device for the Deaf) call → 1-866-710-3357

If you pay the ENDING PRINCIPAL BALANCE shown on this statement, you will have a balance due of finance charges accrued from the date of your last payment to the date we receive your payment, plus any unpaid additional fees and/or finance charges that may have been added but not yet paid.

RETAIN THIS PORTION FOR YOUR RECORDS – SEE REVERSE SIDE FOR IMPORTANT INFORMATION
↑ PLEASE DETACH ON PERFORATION AND RETURN BOTTOM PORTION WITH YOUR PAYMENT ↑

**DISCOVER**
FINANCIAL SERVICES

PO BOX 30954
Salt Lake City, UT 84130-0954

Please make checks payable to:
**Discover Personal Loans**

| Account Number | Payment Due Date |
|---|---|
| 402810072627 | 3/14/08 |

| Total Amount Due | Please write amount of payment |
|---|---|
| 909.32 | → |

( )
Please print change of address and phone correction above and
put an "X" in box.     ☐

MARK MOOSBRUGGER

DISCOVER PERSONAL LOANS
P.O. BOX 15046
WILMINGTON, DE 19886-5046

000402810072627910004546610004546

# EXHIBIT 4

Name: MARK S MOOSBRUGGER
Name of Instrument: DISCOVER FINANCIAL SERVICES
Account # RE 4028 1007 2627

CUSIP NUMBER = #316146109 (Major)
FUND #26
SYMBOL = FBNDX
Currently being traded through: FIDELITY INVESTMENT GRADE BOND (MUTF)
*Inception Fund date: 08/06/1971
**Net Assets in FUND = 10.37 Billion
\* The inception date is when the FUND itself was opened (created), it has nothing to do with when the account (Instrument) was created or when it was deposited into the HEDGE FUND.
\*\* The total Net Assets Amount is the total in that FUND, the amount of your Investment (Instrument) in regard to that total is but a fraction of that total amount.

$7.32

Description
The investment seeks a high level of current income. The fund normally invests at least 80% of assets in investment-grade debt securities of all types and repurchase agreements for those securities. Its advisor allocates assets across different market sectors and maturities and typically analyzes a security's structural features, trading opportunities, and the credit quality of its issuer to select investments.

Fund filings (PDF) »

Asset manager:
Jeff Moore (Started: Dec 1, 2004)

Advisor Company:
Fidelity Mgmt & Research Company (FMR)
                    Fund family reports on Morningstar »

**COMPLAINT**

# EXHIBIT 5
## CREDIT SCORE

MARK S MOOSBRUGGER
Report As Of: 9/20/2011

*CreditReport.com*

------------------------------- **Credit Score** -------------------------------

Your Credit Score is a numerical representation of your credit worthiness that is used by most lenders and credit card issuers. Remember, Experian, Equifax and TransUnion has its own set of data in your credit file. That's why Credit Scores may vary between bureaus.

| :::Experian | Equifax | TransUnion |
|:---:|:---:|:---:|
| **598** | **597** | **626** |



**Poor**

**Credit Category**

330          580          830

### Your Experian PLUS Score Explanation
Percentile: Your credit rating ranks *higher than 21.88%* of U.S. consumers.

**What factors _RAISE_ you PLUS Score:**

- You have a good cushion of available credit between your current balance and your credit limits on all open trades. This has a positive affect on your credit score. This cushion shows lenders that you are unlikely to overextend yourself financially.

- The total balance on all your credit cards is relatively low compared to your total available credit limit. This has a positive impact on your credit score.

- Your credit report does not contain negative public records, such as a bankruptcy, lien, lawsuit or judgment filed within the last two years. This is having a positive impact on your credit score. Public record items may remain on your credit report for 7 to 15 years, depending on the item.

- Your average credit limit for your major credit cards, such as Discover, American Express, VISA, or MasterCard, is high. This tells lenders that you have enough financial experience, and they will be more likely to see you as a good credit risk.

**What factors _LOWER_ you PLUS Score:**

- Your payment history shows 1 or more payments that were late by 30 days or more. Late payments count negatively against your credit score. Negative information can stay on your credit report for up to 7 years for some items, up to 10 years for bankruptcies and 15 years for unpaid tax liens.

- Each time a potential lender or landlord pulls your credit report for review, an inquiry is placed on your file. Inquiries stay on your credit report for up to 2 years. Having several inquiries on your credit report is negatively affecting your score. They are not necessarily negative information, but too many inquiries may indicate to lenders that you are trying to take on more new debt or possibly overextending yourself.

# EXHIBIT 6
### CREDIT REPORT

Here is a list of your credit records used to calculate this factor.

| Payment Status | Lending Institution, Account Number | Comment | Last Reported Date |
|---|---|---|---|
| Charged-off | DISCOVER FIN 601100027540 | Derogatory. | 02/2010 |
| Charged-off | DISCOVER FIN 601100058082 | Derogatory. | 02/2010 |
| Charged-off | DISCOVER PL 40281007 | Derogatory. | 01/2010 |

**2. Credit usage**

**On average, you are using 67% of the credit limit on your revolving accounts.** This lowers your score. High usage (such as balances above 50% of the credit limit) is usually considered negative because lenders worry that you may be using more credit than you can reasonably afford to repay. In fact, as little as 15% usage may lower your score if you have no serious negatives (such as late payments) in your report. Being "maxed out" or overlimit on a credit card (when your balance is close to or above the credit limit) is particularly bad for your credit scores. The more accounts in this situation, the more it affects your scores. On the other hand, low usage is usually considered positive because it provides lenders with information on how you use credit. It also shows that you do not need to use all of the credit available to you. However, not using your credit accounts may be considered a negative factor, because it does not provide lenders with information about how you typically use credit and repay your debts. This only includes accounts for which the credit limit or highest balance is reported. This is because if the credit limit is not reported, your highest balance is used instead.

Here is a list of your credit records used to calculate this factor.

| % Used | Lending Institution, Account Number | Comment | Last Reported |
|---|---|---|---|

# EXHIBIT 7
## CREDIT REPORT INQUIRY

**CONSUMERINFO.COM INC**
PO BOX 19729
IRVINE CA 92623
*Date* Jan 20, 2009; Oct 22, 2008

**BANK OF AMERICA**
4060 OGLETOWN/STANTON RD
NEWARK DE 19713
*Date* Dec 31, 2008

**CAP ONE**
PO BOX 30281
SALT LAKE CITY UT 84130
*Date* Dec 30, 2008

**CAP ONE**
PO BOX 30281
SALT LAKE CITY UT 84130
*Date* Dec 19, 2008

**THE MOORE LAW GROUP**
3710 S SUSAN ST STE 210
SANTA ANA CA 92704
*Date* Dec 17, 2008
✗

**AMEX**
7771 MERCY RD
OMAHA NE 68106
*Date* Nov 1, 2008

**EXPERIAN**
PO BOX 2002
ALLEN TX 75013
*Date* Oct 13, 2008; Nov 28, 2007

**ZWICKER & ASSOCIATES P C**
80 MINUTEMAN RD
ANDOVER MA 01810
*Date* Oct 6, 2008; Apr 1, 2008; Mar 28, 2008
✗

**CAP ONE NA**
15000 CAPITAL ONE DR
RICHMOND VA 23238
*Date* Sep 20, 2008

**CREDIT COMMUNICATIONS SV**
14901 BOGLE DR
CHANTILLY VA 20151
*Date* Sep 6, 2008; Aug 15, 2008; Aug 14, 2008; Aug 13, 2008; Aug 12, 2008; Aug 11, 2008; Aug 9, 2008; Aug 7, 2008; Aug 6, 2008; Jul 29, 2008; Jul 17, 2008; Jul 15, 2008; Jul 14, 2008; Jul 11, 2008; Jul 10, 2008; Jul 9, 2008; Jun 30, 2008; Jun 16, 2008; Jun 14, 2008; Jun 11, 2008; Jun 9, 2008; May 29, 2008; May 15, 2008; May 12, 2008; May 7, 2008; May 6, 2008; May 5, 2008; Apr 17, 2008; Apr 16, 2008; Apr 15, 2008; Apr 11, 2008; Apr 7, 2008; Mar 20, 2008

**CITIFINANCIAL**
PO BOX 499
HANOVER MD 21076
*Date* Aug 19, 2008

**WELLS FARGO BANK**
1220 CONCORD AVE
CONCORD CA 94520
*Date* Jul 17, 2008

**INTERSECTIONS**
3901 STONECROFT BLVD
CHANTILLY VA 20151
*Date* Jul 11, 2008; Apr 14, 2008

**FIRST USA**
800 BROOKSEDGE BLVD
WESTERVILLE OH 43081
*Date* May 27, 2008

**WELLS FARGO BANK**
1220 CONCORD AVE
CONCORD CA 94520
*Date* May 20, 2008

**WELLS FARGO BANK**
*Date* Apr 21, 2008

Experian
A world of insight

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge _____John A. Kronstadt_____ and the assigned discovery Magistrate Judge is _____David T. Bristow_____.

The case number on all documents filed with the Court should read as follows:

## CV12-01651 JAK (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Rm 1-053
Santa Ana, CA 92701-4516

☐ **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (01/09)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)<br>Mark S. Moosbrugger | **DEFENDANTS**<br>DISCOVER BANK and DOES 1 through 100, Inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>Mark S. Moosbrugger, 40957 Cypress Point Dr.<br>Cherry Valley, CA 92223<br>951-769-1045 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title 15 U.S.C. §1681(i) which is actionable under Title 15 U.S.C. §1681s-2(b). Def. as a credit reporting agency failed to investigate dispute.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

CV 12 - 01651   JAK   (DTBx)
MAR - 8 2012

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 2/27/2012

   **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Mark S. Moosbrugger
40957 Cypress Point Dr.
Cherry Valley, CA 92223
951-769-1045

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark S. Moosbrugger, <br><br> PLAINTIFF(S) <br><br> v. <br><br> DISCOVER BANK and DOES 1 through 10 Inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV 12 - 01651 JAK (DTBx)** <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Mark S. Moosbrugger, In Pro Se_____, whose address is _40957 Cypress Point Dr. Cherry Valley, CA 92223_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: ___MAR – 8 2012_____

By: _____
            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*